ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
JACQUELINE T. TERLAJE, ESQ.
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER



FILED
DISTRICT COURT OF GUAM
MAR 14 2005
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER,<br><br>Plaintiff,<br><br>vs.<br><br>LIN'S JEWELRY CO. and DOES I THROUGH XX.<br><br>Defendants. | CIVIL CASE NO. **05-00010**<br><br>AFFIDAVIT OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFF'S VERIFIED COMPLAINT AND PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND ORDER SEALING FILE |

**ANITA P. ARRIOLA**, being duly sworn, declare and state as follows:

1. I am counsel for plaintiff Louis Vuitton Malletier in the above-captioned matter. I file this Affidavit in support of Plaintiff's Ex Parte Application for Temporary Restraining Order, Seizure Order, Order to Show Cause for a Preliminary Injunction, and Order Sealing File. I have personal knowledge of the facts contained herein.

2. I am not aware of the names of the attorneys of the defendant in this action and, accordingly, have not notified any attorneys of this ex parte application.

3. As required by 15 U.S.C. § 1116, I have given notice of this application for an ex parte order to the United States Attorney for the District of Guam by letter dated March 11, 2005. A true and correct copy of this notice is attached hereto as Exhibit A.

4. To the best of my knowledge, no prior application by plaintiff for similar relief against the defendant herein has been made.

5. I have previously represented the plaintiffs in the following trademark infringement cases: <u>Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al.</u>, Civil Case No. 00-00069 (D. Guam); <u>Louis Vuitton Malletier v. Salgado</u>, Civil Case No. 03-00001 (D. Guam); <u>Louis Vuitton Malletier v. Hana Trade Corporation dba Honolulu Gift Shop aka U.S.A. T-Shirts and Gift Items, et al.</u>, Civil Case No. 03-00013 (D. Guam). My experience in prior infringement actions on behalf of trademark owners shows that where the defendants are selling, manufacturing or distributing counterfeit goods, the normal practice of giving notice to defendants of a plaintiff's desire to move for a temporary restraining order or seizure order is ineffective and results in the disappearance or destruction of the counterfeit goods. Once notice is given, the defendants are able to move the counterfeit goods to hidden locations, or back into the distribution chain, so that by the time a temporary restraining order or seizure order is issued, the need for it has been defeated.

6. This experience is consistent with the findings in various cases, as cited in plaintiff's Memorandum of Points and Authorities. In <u>In the Matter of Vuitton et Fils</u>, 606 F.2d 1 (2nd. Cir. 1979), the court cited similar examples of reasons why notice should not be given in seeking temporary restraining orders where counterfeit goods are involved.

7. In cases involving counterfeit goods, it is therefore necessary that the Court issue an ex parte seizure order directing the U.S. Marshal or other peace officer to seize and preserve the counterfeit goods and other evidence without prior notice to the defendants.

-2-

Case 1:05-cv-00010   Document 4   Filed 03/14/2005   Page 2 of 6

8. The experience of plaintiffs in other trademark infringement actions in this district illustrate the ineffectiveness of a temporary restraining order alone in preventing further distribution of the counterfeit merchandise in the hands of a defendant. For example, in Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053 (D. Guam); and Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam) the plaintiffs obtained both ex parte restraining orders and seizure orders in order to prevent destruction or transfer of the counterfeit goods.

9. Thus, in many cases, even a temporary restraining order served upon a defendant is insufficient, since a defendant may willfully violate the restraining order and the plaintiff has no way of proving the contempt. See, e.g., Vuitton v. White, 945 F.2d 569, 575 (3d Cir. 1991). To respond to this, many courts have granted temporary restraining orders with seizure provisions, allowing the United States Marshal or other peace officers to enter the premises of the defendant and seize and sequester the counterfeit goods of the defendant without advance notice.

10. Accordingly, I believe that where counterfeit goods are involved, it is likely that the defendants will violate any restraining order by destroying, removing or selling the infringing goods. It is therefore necessary for the court to grant a temporary restraining order without notice with an accompanying seizure order, allowing the United States Marshal or other peace officer to enter the premises of the defendant and seize and preserve the evidence regarding the counterfeit goods.

11. I identify and request that the court take judicial notice of the many temporary restraining orders with seizure provisions granted throughout the country. In this court, similar orders were granted in Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam) (Order dated June 17, 1988); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam) (Order dated August 30, 1989);

Louis Vuitton v. Jimar's Investment Co., et al., CV89-00059 (D.Guam) (Order dated October 27, 1989); Louis Vuitton v. Marina Pizarro, CV89-00060 (D.Guam) (Order dated October 27, 1989); Louis Vuitton v. Ok Cha Sun, et al., CV89-00061 (D.Guam) (Order dated October 27, 1989); Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam) (Order dated August 17, 1992); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053 (Order dated August 27, 1993); Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam) (Order dated December 19, 2000); Louis Vuitton Malletier v. Salgado, Civil Case No. 03-00001 (D. Guam) (Orders dated January 8, 2003 and January 22, 2003); Louis Vuitton Malletier v. Hana Trade Corporation dba Honolulu Gift Shop aka U.S.A. T-Shirts and Gift Items, et al., Civil Case No. 03-00013 (D. Guam) (Order dated October 17, 2003). In the neighboring District of the CNMI, the court issued similar orders in Reebok v. K&J Trading, Inc., et al., CV91-00020 (D.CNMI) and in Chanel, Inc. v. Julieum Enterprises, et al., CV89-00012 (D.CNMI).

Similar ex parte orders were granted in many other cases filed through the country, some of which are cited in plaintiff's Memorandum of Points and Authorities.

12. It is my personal and professional experience that those in the business of counterfeiting and distributing illegal and illicit products maintain few, if any, business records. More often than not, when confronted, counterfeiters profess ignorance at what they have done, state they transact business in cash only, allege they give no receipts or invoices and have no records of any of the parties with whom they have conducted their illegal affairs. Notwithstanding protestations to the contrary, periodically armed with an appropriate order of seizure, which order must extend to the books and records of defendants, we have been able to acquire information leading up the

distribution chain to others engaged in the same sort of illicit activities on a broader scale. If such books and records are not seized and copied, they undoubtedly will be destroyed.

13. It is common that newspaper reporters will observe the list of cases filed and sometimes print the information or contact the defendant. In view of this, I believe that this court should seal the record of this action in order to give the U.S. Marshal or other law enforcement officer the opportunity to enforce the seizure order and serve the temporary restraining order. In other actions, filed in similar situations, this Court has granted an order temporarily sealing the file of the action. Reebok v. CHC, Inc., et al., CV88-00030 (D.Guam); Chanel v. Baro's French Enterprise, et al., CV89-0048 (D.Guam); Hunting World Incorporated v. Jimar's Investment Co., CV92-00050 (D.Guam); Hunting World Incorporated v. City Hill Co. (Guam) Ltd., et al, CV93-00053; Louis Vuitton Malletier and Chanel, Inc. v. Suzie H.C. Yim, et al., Civil Case No. 00-00069 (D. Guam).

14. Plaintiff has not publicized this action.

15. Plaintiff is prepared to post $5,000.00 as a security bond for issuance of the temporary restraining and seizure order.

Further your affiant sayeth not.

Dated this 14th day of March, 2005.

_____
ANITA P. ARRIOLA

SUBSCRIBED and SWORN to before me by ANITA P. ARRIOLA on this 14th day of March, 2005.

_____
NOTARY PUBLIC

CHRISTINE M. JACKSON
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission Expires: June 10, 2007
P. O. Box 22656 GMF Barrigada, Guam 96921

-5-

LAW OFFICES
*Arriola, Cowan & Arriola*

JOAQUIN C. ARRIOLA
MARK E. COWAN
ANITA P. ARRIOLA
JOAQUIN C. ARRIOLA, JR.

JACQUELINE T. TERLAJE

259 MARTYR STREET, SUITE 201
C & A BUILDING
HAGÅTÑA, GUAM 96910

MAILING ADDRESS:
P.O. BOX X
HAGÅTÑA, GUAM 96932
TELEPHONE
(671) 477-9730/3
TELECOPIER
(671) 477-9734
E-MAIL
acalaw@netpci.com

# CONFIDENTIAL

March 11, 2005

**CONFIDENTIAL - VIA HAND DELIVERY**

Leonardo M. Rapadas, Esq.
United States Attorney
Office of the United States Attorney
108 Hernan Cortes Avenue, Suite 500
Hagåtña, Guam 96910

    Re: **LOUIS VUITTON MALLETIER, et al. vs. LIN'S JEWELRY CO. and DOES I-XX**

Dear Mr. Rapadas:

This firm has been retained by Louis Vuitton Malletier, manufacturer of the signature and distinctive brands of luggage, purses, bags, accessories, jewelry and other items bearing the LOUIS VUITTON trademarks, to protect its trademarks in this district. It is our intention to bring suit against certain entities and individuals who are selling, or offering for sale, counterfeit LOUIS VUITTON goods in the near future.

The prospective defendants are LIN'S JEWELRY CO. and DOES I - XX.

As you know, under the Trademark Counterfeiting Act of 1984, we are required to give notice to the United States Attorney of our intent to seek an ex parte seizure order under amendments to the Lanham Act by that legislation. If we do not receive word from your office of objections to our intent to request for such relief we will deem that your office has no objections. Should you have any questions or concerns, do not hesitate to contact me.

Very truly yours,

ANITA P. ARRIOLA

cc: U. S. Marshal's Service

**EXHIBIT A**