**ANITA P. ARRIOLA, ESQ.**
**JOAQUIN C. ARRIOLA, JR., ESQ.**
**JACQUELINE T. TERLAJE, ESQ.**
**ARRIOLA, COWAN & ARRIOLA**
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER



FILED
DISTRICT COURT OF GUAM
MAR 14 2005
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, | CIVIL CASE NO. **05-00010** |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] **TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND ORDER SEALING FILE** |
| LIN'S JEWELRY CO. and DOES I THROUGH XX. | |
| Defendants. | |

Plaintiff Louis Vuitton Malletier, having applied <u>ex parte</u> for a temporary restraining order and seizure order; order to show cause for preliminary injunction, under the Lanham Act (15 U.S.C. § 1051, <u>et seq.</u>), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473; and order sealing file; for the reason that defendants appear to be, among other things, selling goods bearing counterfeits of plaintiff's registered trademarks, and the Court having reviewed the verified complaint, pleadings, moving papers, exhibits and affidavits submitted by plaintiff, the Court finds that it clearly appears that:

(a)  plaintiff is likely to succeed in showing that the defendants used counterfeits of plaintiff's "Louis Vuitton," "LV" monogram and other trademarks and logos (hereinafter collectively the "Plaintiff's Trademarks"), registered in the Principal Register in the United States Patent and

Trademark office, in connection with the sale, offering for sale, and/or distribution of jewelry, including bracelets, charms, and other items; and that

(b) the sale of such merchandise bearing counterfeits of Plaintiff's Trademarks will result in an immediate and irreparable injury to plaintiff if seizure of such counterfeit merchandise and the records pertaining thereto is not ordered; and that

(c) the defendants, or other persons acting in concert with defendants, may destroy, move, hide or otherwise make the merchandise bearing counterfeits of Plaintiff's Trademarks and defendants' business records inaccessible to the court, if plaintiff was to proceed on notice to defendants, thus frustrating the ultimate relief plaintiff seeks in this action; and that

(d) the harm to plaintiff of denying the requested ex parte seizure order outweighs the harm to the legitimate interests of defendants from granting such an order; and that

(e) plaintiff has sufficiently shown that the items and documents to be seized are located at the following addresses:

    (i) Lin's Jewelry Company at Suite 104 Sateena Mall Dededo, Guam; location described in business license number 30000019828002, located on Lot 2, Tract 217;

    (ii) Lin's Jewelry Company at 1088 Marine Drive Dededo, Guam in 170 Micronesia Mall, First Floor in the Cinema wing closest to the Footlocker; location described in business license number 30000019828008, located on Lot 5047-1-2 NEW Micronesia Mall;

    (iii) Lin's Jewelry Company at 1088 Marine Drive, Dededo, Guam in Phase II of the Micronesia Mall, First Floor in the C1 wing closer to Macy's; location described in business license number 30000019828005, located on Lot 5047-1-2 NEW 5013-3 NEW 5015-1;

    (iv) Lin's Jewelry Company at 610 South Marine Drive, Hatgatna, Guam; location described in business license number 30000019828001, located on Lot 2031-1-3 Agana, Guam;

(v) Lin's Jewelry Company, Guam Plaza Hotel at 1328a Pale San Vitores Road Tumon, Guam adjacent to McDonald's and Friday's restaurant on street level; and

(vi) Lin's Jewelry Company, Guam Plaza Hotel at 1328a Pale San Vitores Road Tumon, Guam in a second floor Kiosk, located inside JP Superstore;

and in other locations that Lin's Jewelry Co. may be found, and that

(f) plaintiff has not publicized the proposed seizure order; and that

(g) plaintiff has provided the United States Attorney with reasonable notice of their application for an ex parte seizure order; and that

(h) entry of an order other than an ex parte seizure order will not adequately achieve the purposes of 15 U.S.C. § 1114 to preserve plaintiff's remedies for trademark infringement, including destruction of merchandise bearing counterfeits of Plaintiff's Trademarks and evidence of plaintiff's lost profits and damages.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants, and each of them, and any person acting in concert with them who is served with a copy or has notice of this Order (hereinafter collectively referred to as "defendants"), shall show cause, unless the defendants waive their right to do so, before the United States District Court designated Judge at the United States District Court for the District Court of Guam, 4th Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam 96910, on _to be determined by Magistrate_, 2005, at _____ o'clock ___. m. [between 10 and 15 days of this Order pursuant to 15 U.S.C. §1116(D)(10)(A)], or as soon thereafter as counsel can be heard, why an order should not be entered granting plaintiff a preliminary injunction pursuant to Rule 65, Federal Rules of Civil Procedure, as follows:

-3-

(a) Enjoining and restraining defendants, their officers, agents, servants, employees, attorneys and any persons in active concert or participation with them, from:

(i) using Plaintiff's trade names or Trademarks including "Louis Vuitton," or "LV" trademarks and logos or any reproduction, counterfeit copy, or colorable imitation of said marks, trade names or logos in connection with the advertising, embroidering, printing, distributing, offering for sale, or sale of bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, or in any manner likely to cause others to believe that defendants' products are connected with plaintiff or plaintiff's genuine Louis Vuitton products; and

(ii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine Louis Vuitton merchandise as and for genuine Louis Vuitton merchandise; and

(iii) committing any other acts calculated to cause purchasers to believe that defendants' products are genuine Louis Vuitton or that defendants are authorized distributors of Louis Vuitton products; and

(iv) shipping, delivering, holding for sale, distributing, importing, returning, transferring or otherwise moving or disposing of in any manner such bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items falsely bearing the Louis Vuitton trademarks, trade names or logos or any reproduction, counterfeit, copy or colorable imitation of the same; and

(v) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (i) through (iv); and

(b) Impounding, in the custody of plaintiff's counsel as substitute custodian for the court, during the pendency of this action or until further order of the court, all money, cash, coins and currency, bags, purses, luggage, leather goods, jewelry, accessories, apparel, or other items, labels,

heat transfers, molds, screens, printing and/or embroidering devices, advertising, packaging and other materials, merchandise and business records seized pursuant to the provisions of this Order hereinafter set forth;

(c) Ordering defendants to deliver up to plaintiff's counsel for impoundment, pursuant to court order, all such items, or things bearing counterfeits of Plaintiff's Trademarks remaining in their possession, custody or control, and it is further

ORDERED, ADJUDGED AND DECREED that pending the hearing of plaintiff's application for a preliminary injunction, defendants, their agents, servants, employees, attorneys and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise, be, and they are, hereby temporarily restrained from (a) committing any of the acts set forth in subparagraphs (i) through (v) of the preceding section; (b) moving, destroying or otherwise disposing of any goods, labels, heat transfers, molds, screens, printing or embroidering devices, or other items or documents bearing or relating to the Louis Vuitton trademarks or trade names or logos of plaintiff, and (c) removing, destroying or otherwise disposing of business records or documents relating in any way to the manufacture, printing, importation, acquisition, purchase, distribution or sale of goods or otherwise relating to merchandise bearing the Louis Vuitton trademarks, trade names or logos of plaintiff.

IT IS FURTHER ORDERED that the temporary restraining order shall remain in effect until the date set herein for hearing on the order to show cause or such further dates set by the Court, unless the defendants stipulate, or have not objected, to the preliminary injunction and that the defendants are placed upon notice that failure to attend the hearing shall result in confirmation of the

seizure and the immediate issuance of a preliminary injunction deemed to take effect immediately upon the expiration or dismissal of this temporary restraining order; and

IT IS FURTHER ORDERED that the United States Marshal and/or any other peace officer of the Territory of Guam, including but not limited to Guam Superior Court Marshals or U.S. Customs officials, accompanied by counsel for plaintiff and/or persons under their supervision, be and are hereby directed to seize and impound forthwith:

(a) All money, cash, coins and currency; fine jewelry and costume jewelry including anklets, bracelets, brooches, charms, earrings, necklaces, pendants; labels, boxes, packages, advertisements and any other goods, items or merchandise in defendants' possession, custody or control bearing any counterfeit, copy or substantially indistinguishable designations of, or for, any of plaintiff's Louis Vuitton trade names or logos;

(b) All plates, molds, matrices, heat transfers, printing or embroidering or silkscreening apparatus utilized in making counterfeit Louis Vuitton merchandise and other means of making any counterfeits or infringing marks, copies of or substantially indistinguishable designations of plaintiff's Louis Vuitton trade names or logos;

(c) All books and records, including but not limited to electronic or digital records in computers, CD-Roms, diskettes or hard drives, documenting or reasonably appearing to document or relate to the manufacture, purchase, importation, sale, printing, distribution or receipt of any merchandise bearing, or intended to bear, any counterfeit, copy or substantially indistinguishable designations of, or for, plaintiff's Louis Vuitton trade names or logos or other things involved in such violation; including, but without limitation, all such infringing merchandise or means of making or transporting such merchandise, and all such related records and things on the person or under the

control of defendants or which defendants attempt to sell, or are holding, in any location in the Territory of Guam under said defendants' care, custody, possession or control, including any carton, room, safe, boxes, vehicle, cabinet, desk, container, closet or other package in which said counterfeit and/or infringing merchandise, labels or business records is found at any locations, including but not limited to:

(i) Lin's Jewelry Company at Suite 104 Sateena Mall Dededo, Guam; location described in business license number 30000019828002, located on Lot 2, Tract 217;

(ii) Lin's Jewelry Company at 1088 Marine Drive Dededo, Guam in 170 Micronesia Mall, First Floor in the Cinema wing closest to the Footlocker; location described in business license number 30000019828008, located on Lot 5047-1-2 NEW Micronesia Mall;

(iii) Lin's Jewelry Company at 1088 Marine Drive, Dededo, Guam in Phase II of the Micronesia Mall, First Floor in the C1 wing closer to Macy's; location described in business license number 30000019828005, located on Lot 5047-1-2 NEW 5013-3 NEW 5015-1;

(iv) Lin's Jewelry Company at 610 South Marine Drive, Hatgatna, Guam; location described in business license number 30000019828001, located on Lot 2031-1-3 Agana, Guam;

(v) Lin's Jewelry Company, Guam Plaza Hotel at 1328a Pale San Vitores Road Tumon, Guam adjacent to McDonald's and Friday's restaurant on street level; and

(vi) Lin's Jewelry Company, Guam Plaza Hotel at 1328a Pale San Vitores Road Tumon, Guam in a second floor Kiosk, located inside JP Superstore;

and such other location as the defendants may be found.

IT IS FURTHER ORDERED that the United States Marshal or other peace officer of the Territory of Guam, including but not limited to Superior Court Marshals or U.S. Customs officials, accomplishing such seizure shall employ whatever reasonable force is necessary to enter the

premises owned, leased or occupied by defendants or the locations to be searched, and to inspect the contents of any stores, rooms, safes, closets, cabinets, vehicles, containers, desks, packages, boxes, suitcases, cartons or documents located on or near any of the above locations or premises and in doing so may arrest any person impeding him or her from effecting such seizure; and

IT IS FURTHER ORDERED that plaintiff or its agents shall promptly inspect all items seized, and if any items are reasonably determinable to be improperly seized, such items are to be returned to defendants as soon as reasonably possible and to this end, defendants or their agents are required to give to the peace officer the correct name, address, phone number and directions to the place they can be reached and failure to do the same may result in contempt of Court; and

IT IS FURTHER ORDERED that any such merchandise or means of making such merchandise or records and things seized shall be appropriately tagged to permit identification, that defendants shall be given a receipt therefor and such merchandise, records or things shall be impounded in the custody or control of plaintiff's counsel or their designees as substitute custodian of the Court, pending further order of this Court and shall be made available for inventory or inspection by any party or its counsel during normal business hours; and that any such records seized shall likewise be impounded and shall be subject to a protective order whereby access thereto shall be initially restricted to plaintiff's counsel, defendant and defendants' counsel, who shall all be permitted to inspect and copy such records, and such records shall be copied and the originals returned to defendant as soon as possible. This protective order, limiting the access to such documents, shall expire on the date set above for the hearing on the Order to Show Cause unless extended by order of this Court, so that at such hearing and thereafter the contents of such records may be revealed, unless otherwise ordered by this Court; and

-8-

IT IS FURTHER ORDERED that plaintiff shall post a corporate surety bond, cash or a certified or attorney's check in the total amount of $5,000.00 as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure or restraint hereunder; and

IT IS FURTHER ORDERED that, sufficient cause having been shown, the above seizure shall take place and service of this Order, together with the Summons and Complaint, shall be made on defendants personally, or by delivery to an adult of suitable age, at defendants' place of business or residence or where defendants are selling or holding for sale the items or records to be seized, and that such service shall be deemed good and sufficient and shall take place within seven days from the date of this Order or such time as may be extended by this Court and, upon request by any defendants, plaintiff's attorneys shall supply such defendants with copies of all other supporting documents previously filed by plaintiff herein; and

IT IS FURTHER ORDERED that defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for plaintiff by delivering copies thereof to the Law offices of Arriola, Cowan & Arriola, A Professional Corporation, Suite 201, 259 Martyr Street, Hagåtña, Guam 96910, before 12:00 o'clock p.m. on _to be determined by Magistrate_, 2005 (4 days before hearing). Any response shall be filed and served by plaintiff before 12:00 o'clock p.m. on _to be determined by Magistrate_ 2005 (1 day before hearing); and

IT IS FURTHER ORDERED that this action shall remain sealed by the Court until the date for hearing of the Order to Show Cause set forth above, whether or not the hearing is held on that date, at which time the Clerk may remove the seal. During the period that this record is sealed, all

-9-

persons against whom this Order is issued shall have access to the record herein after the seizure is carried out.

**DEFENDANTS ARE HEREBY GIVEN NOTICE THAT UPON SERVICE OF THIS NOTICE DEFENDANTS SHALL BE DEEMED TO HAVE ACTUAL NOTICE OF THE ISSUANCE AND TERMS OF THIS ORDER AND THAT ANY ACT BY ANY OF THEM OR BY PERSONS ACTING IN CONCERT WITH THEM IN VIOLATION OF ANY OF THE TERMS HEREOF MAY BE CONSIDERED AND PROSECUTED AS CONTEMPT OF THIS COURT.**

Dated: March 14, 2005

Time: 11:48 Am

/s/ Ronald S.W. Lew
**HONORABLE RONALD S.W. LEW**
Designated Judge, District Court of Guam

PRESENTED BY:

ARRIOLA, COWAN & ARRIOLA
Counsel for Plaintiff LOUIS VUITTON MALLETIER

BY: /s/ Anita P. Arriola
**ANITA P. ARRIOLA**
Dated: 3/14/05

**RECEIVED**
MAR 1 4 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM