CIVILLE & TANG, PLLC
330 HERNAN CORTEZ AVENUE, SUITE 200
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 472-8868/69
FACSIMILE: (671) 477-2511

*Attorneys for Defendant*
*Lin's Jewelry Co.*

FILED
DISTRICT COURT OF GUAM
MAR 21 2005
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, | CIVIL CASE NO. CV05-00010 |
| Plaintiff, | |
| vs. | LIN'S RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER, SEIZURE ORDER AND OSC FOR PRELIMINARY INJUNCTION |
| LIN'S JEWELRY CO. and DOES I THROUGH XX, | |
| Defendants. | |

Lin's Jewelry Co. ("Lin's") responds to plaintiff's motion for a temporary restraining order, seizure order and request for preliminary injunction as follows.

## I. BACKGROUND

The seizure authorized by the Court following plaintiff's ex parte application was conducted on March 15, 2005. Two days after the seizure the parties appeared before the Court at plaintiff's request to amend the ex parte order and make the Court the custodian of the seized property. At the same time that the Court addressed the custody issue, the Court heard and addressed objections by Lin's regarding the scope of the seizure and Lin's request for the immediate return of the seized property and currency, other than that which arguably contained infringing marks. At the conclusion of the March 17 hearing, the Court ordered that all non-

infringing property be returned to Lin's within 24 hours. A written order containing the terms the Court announced from the bench on March 17 was issued on March 18, 2005. Lin's property, other than the allegedly infringing goods, was returned within the time period set by the Court.

## II.   CONSENT TO CONTINUANCE OF TRO

Without waiving any counterclaims it may have as a result of wrongful seizures by the plaintiff, Lin's notes that the March 18 Order addressed Lin's immediate objections regarding the seizure. The only issues remaining for consideration at the hearing scheduled for March 24, 2005 are whether the temporary restraining order should remain in place pending the trial of this matter, and whether the file should be unsealed. Counsel for the parties have conferred on this matter and Lin's has agreed that the temporary restraining order shall be extended through the trial herein, and that the file be unsealed. By agreeing to the extension of the TRO, Lin's does not admit to any wrongdoing, does not admit that any of the seized goods bore infringing marks and, even if such goods did bear infringing marks, does not admit that it sold such goods knowing them to bear such marks.

DATED at Hagåtña, Guam, this 21st day of March, 2005.

CIVILLE & TANG, PLLC

By: _____
G. PATRICK CIVILLE
*Attorneys for Defendant*
*Lin's Jewelry Co.*

2

## CERTIFICATE OF SERVICE

I, G. PATRICK CIVILLE, hereby certify that on the 21st day of March, 2005, I caused the foregoing *Lin's Response to Motion for Temporary Restraining Order, Seizure Order and OSC for Preliminary Injunction* to be served by hand-delivery on the following:

> Arriola Cowan & Arriola
> 259 Martyr Street, Suite 201
> Hagåtña, Guam 96910

DATED at Hagåtña, Guam, this 21st day of March, 2005.

CIVILLE & TANG, PLLC

By: *(signature)*
**G. PATRICK CIVILLE**
*Attorneys for Defendant*
*Lin's Jewelry Co.*