ANITA P. ARRIOLA, ESQ.
JOAQUIN C. ARRIOLA, JR., ESQ.
JACQUELINE T. TERLAJE, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 MARTYR STREET, SUITE 201
HAGATNA, GUAM 96910
Telephone: (671) 477-9731/33
Telecopier: (671) 477-9734

Counsel for Plaintiff
LOUIS VUITTON MALLETIER



FILED
DISTRICT COURT OF GUAM

JUN - 6 2005

MARY L.M. MORAN
CLERK OF COURT

25

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| LOUIS VUITTON MALLETIER, ) | CIVIL CASE NO. **05-00010** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CONSENT JUDGMENT AND** |
| ) | **PERMANENT INJUNCTION** |
| LIN'S JEWELRY CO. and DOES I ) | |
| THROUGH XX. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter, having come before the Court upon the Verified First Amended Complaint of

the Plaintiff Louis Vuitton Malletier, for damages and an injunction to restrain Lin's Jewelry Co.

(hereinafter "defendant"), and among other things, from making unauthorized use of, and otherwise

infringing upon the registered trademarks, trade names or logos of plaintiff (hereinafter "Plaintiff's

Trademarks"), and from unfairly competing with plaintiff; and it appearing to the Court that

defendant hereby consents to entry of a Permanent Injunction against it, it is

ORDERED, ADJUDGED AND DECREED that:

1.    Defendant and its representatives, agents, servants, employees, and all persons or

entities acting in concert or participation with defendant, are permanently enjoined and restrained

from in any manner:

## ORIGINAL

a.      Using Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Trademarks in connection with the printing, manufacturing, advertising, embroidering, offering for sale, sale or distribution of accessories, jewelry, charms, bracelets, or any other items;

b.      Using Plaintiff's Trademarks or any colorable imitation of Plaintiff's Trademarks in any manner likely to cause confusion, mistake or deception as to the identity or source of any item;

c.      Passing off, inducing or enabling others to sell or pass off any items which are not genuine Louis Vuitton products as and for genuine Louis Vuitton;

d.      Committing any acts calculated to cause others to believe that defendant's products are genuine Louis Vuitton products or that defendant is an authorized distributor, seller or retailer of Louis Vuitton;

e.      Offering for sale, selling, circulating, holding for sale, advertising, distributing, printing or manufacturing any items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks;

f.      Engaging in any other activity using Plaintiff's Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks in a manner which is likely to cause others to falsely believe that defendant's products are connected with plaintiff, or Plaintiff's products;

g.      Transferring, importing, shipping, delivering, consigning, holding for sale, selling, distributing, moving, destroying or otherwise disposing of in any manner jewelry,

accessories, charms, bracelets, labels, heat transfers, screens, printed matter or any other items bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Trademarks;

        h.      Assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h); and it is further

        2.      ORDERED, that the items deposited into the possession, custody and control of Clerk of the Court in this case shall be delivered to plaintiff and become the property of plaintiff to do with as it wishes within five (5) days from the date of this Order; and it is further

        3.      ORDERED, that defendant shall place into the custody, possession and control of Plaintiff's counsel, within ten (10) days thereof, at no cost to plaintiffs, all items which hereafter come into defendant's possession, custody or control which bear simulations, reproductions, counterfeits or copies of Plaintiff's Trademarks; and it is further

        4.      ORDERED, that defendant waives any right it may have to any bond posted by plaintiff and said bond may be released to plaintiff or their counsel; and it is further

        5.      ORDERED, that plaintiff shall return to the defendant, within five business days of the execution of this Order, all records and other property seized from the defendant, and all copies thereof, except for those items identified in paragraph 2, and except for those materials which specifically refer to the sale of infringing goods; and it is further

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

6.     ORDERED, that this Court shall have continuing jurisdiction to enforce this

Permanent Injunction, and any agreement between the parties with respect thereto existing as of the

date hereof; and

7.     IT IS FINALLY ORDERED, that this Order does not constitute a release of

defendant.

**FAILURE TO ABIDE BY THIS JUDGMENT AND THE TERMS CONTAINED HEREIN
SHALL CONSTITUTE CONTEMPT OF COURT, PUNISHABLE AFTER HEARING AS
PROVIDED BY LAW.**

Dated: _June 6, 2005_

_____
JUDGE  Martinez
**U.S. District Court**

**CONSENTED TO** by Plaintiff Louis Vuitton Malletier.

**ARRIOLA, COWAN & ARRIOLA**
Counsel for Plaintiff

Dated: **MAY 2 0 2005**

By: _____
**JOAQUIN C. ARRIOLA, JR.**

**CONSENTED TO** by Defendant Lin's Jewelry Co.

**CIVILLE & TANG**
Counsel for Defendant

Dated: _5/26/05_

By: _____
**G. PATRICK CIVILLE**

Notice is hereby given that this document was
entered on the docket on _06/06/05_.
No separate notice of entry on the docket will
be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: _____
Deputy Clerk                Date

**RECEIVED
MAY 27 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910